# Exhibit 1

**From:** Smith, Mark
**Sent:** Monday, October 16, 2023 4:55 PM
**To:** Williams, Steve
**Cc:** Huff, Winston; Lone Star_MHKH; Walls, Joanna; Sawyer, Doug; Lubarsky, Boris; jta@perkinscoie.com; Copeland, Heather; Glenn Boisbrun; Murrell, Tracey
**Subject:** RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

Steve, thank you for confirming that Lone Star is withdrawing claims 4, 14, 16, and 18 of the '717 Patent.

With respect to claim 6 from the '182 patent and claim 11 from the '293 patent, we do not know what Lone Star means by those claims "mirror" other claims in other patents. We understand the overlap with the dependent limitation, but your email below suggests that Lone Star is taking the position that the claims themselves "mirror" other asserted claims. Is Lone Star taking the position that claim 6 from the '182 Patent and/or claim 11 from the '293 patent are not patentably distinct from other asserted claims? Please clarify, and please identify the other asserted claims that you reference below.

With respect to Lone Star's request that Hand Held Products produce "all … source or object code relating to" "each Accused Product," I sent Mr. Evans a letter, on behalf of Hand Held Products, on September 21, 2023, to which Lone Star never responded. Thus, we believed the issue was settled. Please respond to that letter and provide the information Hand Held Products requested if Lone Star still believes its Request No. 1 in its subpoena to Hand Held Products was appropriate under the applicable rules.

Best,
Mark

Mark Thomas Smith
312-499-6068

**From:** Williams, Steve <swilliams@munsch.com>
**Sent:** Wednesday, October 11, 2023 2:48 PM
**To:** Smith, Mark <marksmith@paulhastings.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>; Murrell, Tracey <tmurrell@munsch.com>
**Subject:** [EXT] RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

**--- External Email ---**

Dear Mark:

Lone Star believes that it Final Infringement Contentions, served under the Amended Scheduling Order on September 9, complies with and is sufficient under the terms of the Court's Order. Honeywell has complained that Lone Star's Final Infringement Contentions included claims 4, 14, 16, and 18 from the '717 Patent, and also claim 6 from the '182 Patent and claim 11 from the '293. As Lone Star has pointed out, claim 6 from the '182 mirrors the multiscan, coherent signal

processing claims found in each of the other patents. Likewise, claim 11 of the 293 Patent mirrors the adaptive integrating filer claims found in each of the other patents. Likewise, Lone Star notes that claims 4 and 14 from the '717 Patent mirror claims 4 and 15 from the '182 Patent. However, in the spirit of compromise and to reduce any disputes between Lone Star and Honeywell with respect to the Final Infringement Contentions, Lone Star is willing to drop its assertion of claims 4, 14, 16, and 18 of the '717 Patent.

Additionally, while Lone Star has provided significant and detailed explanations of how the various limitations of the claims it asserts from each of the four patents at issue are found in the Honeywell accused products, nonetheless, as it has explained, Lone Star requires a review of the relevant source code related to the Honeywell accused products to confirm and verify the presence and configurations (or abilities to configure) various parts of the Honeywell accused produces. In particular, Lone Star needs to review Honeywell's product source code with respect to the following claims:

'711 Patent

Claim 1(b) The accused system includes a control and processing subsystem configured to discern the presence of a RFID object from a signal. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 1(c) The accused system includes a single position sensor configured to provide a location of a RFID object. Honeywell's product source code is required to determine the configuration of the single position sensor.

Claim 6 The multi-engine processor of the accused system is configured to perform multiple scans of a particular RFID object. Honeywell's product source code is required to substantiate this belief.

Claim 7 Based on information and belief, the accused system includes an adaptive integrating filter. Honeywell's product source code is required to substantiate this belief.

Claim 16(b) The accuses system practices the method of discerning a presence of a RFID object. The accused system includes a multi-engine processor. Honeywell's product source code is required to determine the configuration of the processor.

Claim 16(c) The accused system practices the method of providing a location of a RFID object through the use of a position sensor. Honeywell's product source code is required to determine the configuration of the single position sensor.

Claim 18 The accused system practices the method of discerning a RFID object by employing multiscan, coherent signal processing. The multi-engine processor of the Accused Interrogation System is configured to perform multiple scans of a particular RFID object. Honeywell's product source code is required to substantiate this belief.

'182 Patent

Claim 1(b) The processor is a control and processing subsystem configured to discern a presence of the first RFID object from the first signal. Honeywell's product source code is required to determine the configuration of the processor.

Claim 2 The position sensor is configured to cooperate with the control and processing subsystem to provide a location of a first and second object. Honeywell's product source code is required to determine the configuration of the position sensor.

Claim 3 The accused interrogator includes a sensing subsystem configured to provide signals having specific signatures to the control and processing subsystem. Honeywell's product source code is required to determine the configuration of the sensing subsystem.

Claim 4 The accused interrogator includes a sensing subsystem configured to provide signals to the control and processing subsystem in order to discern the presence of RFID objects. Honeywell's product source code is required to determine the configurations of the sensing subsystem and the control and processing subsystem.

Claim 6 The multi-engine processor of the accused interrogator is configured to perform multiple scans of a particular RFID object. Honeywell's product source code is required to determine this configuration.

Claim 7 On information and belief, the accused interrogator includes an adaptive integrating filter. Honeywell's product source code is required to substantiate this belief.

Claim 12 The accused interrogator includes a communications subsystem configured to exchange data with an external server. Honeywell's product source code is required to determine the configuration of the communications subsystem.

Claim 16 The accused interrogator includes a control and processing subsystem configured to provide the location or an object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 17(b) The accused interrogator includes a control and processing subsystem that discerns the presence of a first and second object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 18 The accused interrogator includes a position sensor configured to provide the location or an object. Honeywell's product source code is required to determine the configuration of the position sensor.

Claim 19 The accused interrogator coordinates the processing of signals with detected information and stored data to discern the presence of a first and second object. Honeywell's product source code is required to determine the coordination and processing of signals with detected information and stored data.

Claim 21 The accused interrogator practices the method of exchanging data with an external server. Honeywell's product source code is required to determine the exchange of data with an external server.

Claim 22 The accused interrogator practices the method of using a control and processing subsystem to provide a location of objects. Honeywell's product source code is required to determine that the control and processing subsystem is providing location of objects.

'717 Patent

Claim 1(b) The processor is a control and processing subsystem configured to discern a presence of the first RFID object from the first signal. Honeywell's product source code is required to determine the configuration of the processor.

Claim 2 The position sensor is configured to cooperate with the control and processing subsystem to provide a location of a first and second object. Honeywell's product source code is required to determine the configuration of the position sensor.

Claim 3 The RFID controller is a sensing subsystem configured to provide a first and second signal to the control and processing subsystem. Honeywell's product source code is required to determine the configuration of the RFID controller.

Claim 6 The multi-engine processor of the accused system is configured to perform multiple scans of a particular RFID object. Honeywell's product source code is required to determine the configuration of the processor.

Claim 7 The accused system is believed to include an adaptive integrating filter. Honeywell's product source code is required to substantiate this belief.

Claim 8 The accused system includes a control and processing subsystem configured to provide the location or an object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 11 The accused system includes a communication subsystem configured to exchange data with an external server. Honeywell's product source code is required to determine the configuration of the communication subsystem.

Claim 15(b) The accused system includes a control and processing subsystem that discerns the presence of a first and second object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 17 The multi-engine processor of the Accused Interrogation System is configured to perform multiple scans of a particular RFID object. Honeywell's product source code is required to substantiate this belief.

'293 Patent

Claim 1(b) The processor is a control and processing subsystem configured to discern a presence of the first RFID object from the first signal. Honeywell's product source code is required to determine the configuration of the processor.

Claim 2 The position sensor is configured to provide a location of the first and second RFID object in accordance with the movement of the RFID interrogator. Honeywell's product source code is required to determine the configuration of the position sensor.

Claim 4 The processor is configured to discern the presence of a first and second object. Honeywell's product source code is required to determine the configuration of the processor.

Claim 6 The accused interrogator will respond to the presence of a Bluetooth device that the unit is paired with. Honeywell's product source code is required to substantiate this configuration.

Claim 10 The multi-engine processor of the accused system is configured to perform multiple scans of a particular RFID object. Honeywell's product source code is required to substantiate this belief.

Claim 11 The multi-engine processor of the accused system includes an adaptive integrating filter. Honeywell's product source code is required to substantiate this belief.

Claim 14 The communications subsystem is configured to exchange data with an external server via a wireless interface. Honeywell's product source code is required to determine the configuration of the communications subsystem.

Claim 15 The accused products include a control and processing subsystem that has a processor configured to provide a location of an object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 17(b) A control and processing subsystem is configured to discern a presence of an object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 18(b) The control and processing subsystem discerns the presence of a first and second object. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 19(b) The accused products perform the step of receiving a second signal, e.g., a Bluetooth signal from a second object, specifically, a Bluetooth device, via the above identified Bluetooth Antenna ("another antenna"). The second signal is then decoded by the Bluetooth module and sent to the previously identified control and processing subsystem. The presence of the second object, the Bluetooth device, is then discerned by the control and processing subsystem. Honeywell's product source code is required to determine the configuration of the control and processing subsystem.

Claim 21 The accused products exchange data with an external server. Honeywell's product source code is required to determine the exchanging of data with an external server.

As you know, Lone Star has requested that Hand Held Products, whom you also represent, produce the relevant product source code. To date, Hand Held Products has flatly refused to produce this code. As you also know, Lone Star and Honeywell have been negotiating terms for a comprehensive Protective Order that includes specific provisions for protecting the confidentiality of a party's source code. We need to finalize the agreed protective order and file it with the Court. Likewise, Lone Star stands on its request that Hand Held Products produce the product source code. (Of course, if it is your position that the source code is possessed by Honeywell International, or some other branch of the Honeywell family, please let us know and we will make a request to that particular entity.)

I am happy to discuss any of these issues further if you have any additional questions. Otherwise, I trust that the parties can move forward in scheduling the review of the relevant product source code as soon as the agreed protective order is filed and entered with the Court.

Thank you,
Steve

**Steven N. Williams**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000 / Dallas, Texas 75201-6605

Direct: +1.214.855.7544 / swilliams@munsch.com / munsch.com

---

**From:** Smith, Mark <marksmith@paulhastings.com>
**Sent:** Tuesday, October 10, 2023 9:58 AM
**To:** Williams, Steve <swilliams@munsch.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>
**Subject:** RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

**External Email: Use caution with links and attachments.**

Following up on our meet and confer, and my email summary below, please let us know Lone Star's position on newly asserted claims, and please provide the list of claim limitations for which Lone Star contends source code review is needed.

Mark Thomas Smith
312-499-6068

---

**From:** Smith, Mark
**Sent:** Wednesday, September 27, 2023 10:52 AM
**To:** 'Williams, Steve' <swilliams@munsch.com>
**Cc:** 'Huff, Winston' <whuff@munsch.com>; 'Lone Star_MHKH' <LoneStarMHKH@munsch.com>; 'Walls, Joanna' <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; 'jta@perkinscoie.com' <jta@perkinscoie.com>; Copeland, Heather <heathercopeland@paulhastings.com>; 'Glenn Boisbrun' <gboisbrun@bh-ip.com>
**Subject:** RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

Counsel,

We write to follow memorialize the parties' September 21, 2023 meet and confer regarding Plaintiff Lone Star's infringement contentions.

Lone Star confirmed that it is asserting, for the first time, claims 4, 14, 16 and 18 of the '717 patent, claim 6 of the '182 patent, and claim 11 of the '293 patent. Honeywell stated, and Lone Star did not disagree, that Lone Star's attempt to assert new claims without leave of court violates the Court's scheduling order. Lone Star stated that claim 6 of the '182 patent, and claim 11 of the '293 patent were inadvertently omitted. Lone Star confirmed it had not previously raised, nor inadvertently omitted, the four new '717 patent claims.

Honeywell noted that it had put Lone Star on notice, during claim construction back in May (see Dkt. 70 at 4-5), that that claim 6 of the '182 patent and claim 11 of the '293 patent were <u>not</u> asserted against Honeywell. Lone Star did not explain its delay in attempting to assert those claims. Lone Star acknowledged that it will need to narrow its asserted claims in the future, and Honeywell suggested that is another reason to withdraw the newly asserted claims now. In the end, Lone Star confirmed that it will review the newly raised claims and inform Honeywell if it will drop any of those claims. We look forward to Lone Star's response by Friday (9/29).

Next, we discussed Honeywell's position that Lone Star's Final Infringement Contentions are deficient for failing to put Honeywell on proper notice of why or how each Accused Product allegedly infringes each Asserted Claim. Lone Star confirmed that its analysis of why the submitted claim charts are representative of all Accused Products can be found in Lone Star's cover pleading and in the footnotes to the charts. Lone Star confirmed that the Parties are at an impasse – Lone Star maintains that its "representative" charts are sufficient under the case law; Honeywell maintains that Lone Star's analysis of why the charts are "representative" does not comply with case law.

Lone Star suggested that it needs access to non-party source code (from Hand Held Products), and that Lone Star might need to amend its Final Infringement Contentions after reviewing source code. Honeywell noted that the Final Infringement Contention deadline has been known to Lone Star since at least February (see Dkt. 55), Lone Star has had technical documents describing the Accused Products for months, and that source code is unnecessary for Lone Star to perform its analysis and provide infringement charts for each Accused Product or adequately explain why the existing charts are representative of some subset of Accused Products. Although Honeywell does not believe Lone Star has connected its alleged need to review non-party source code with its inability to provide compliant Final Infringement Contentions, Honeywell asked which claim limitations require source code review as only a handful of dependent claims appear to be impacted even assuming a source code review is appropriate. Lone Star identified only "multiscan coherent signal processing" and adaptive filtering, but agreed to provide a list after our call. We look forward to receiving that list by Friday (9/29).

Honeywell re-iterated its position that the charted products are not representative of all Accused Products, nor has Lone Star explained why the charted products are allegedly representative. As an example, Honeywell noted that both Ex. A and Ex. B to Lone Star's Final Infringement Contentions appears to state they are both representative of how IH25 (one Accused Product) allegedly

infringes the ’711 patent. Honeywell stated that IH25 does not include an accelerometer, making neither chart representative because Lone Star identifies an accelerometer as the allegedly claimed “position sensor.”

Best regards,
Mark

Mark Thomas Smith
312-499-6068

---

**From:** Smith, Mark
**Sent:** Wednesday, September 20, 2023 4:28 PM
**To:** 'Williams, Steve' <swilliams@munsch.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>
**Subject:** RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

Steve, no problem. I just send an invite for 1pm tomorrow to you and Winston. Please feel free to forward to anyone else on your time that intends to join.

Talk to you tomorrow,
Mark

Mark Thomas Smith
312-499-6068

**From:** Williams, Steve <swilliams@munsch.com>
**Sent:** Wednesday, September 20, 2023 1:23 PM
**To:** Smith, Mark <marksmith@paulhastings.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>
**Subject:** [EXT] RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

**--- External Email ---**

Hi Mark:

I overlooked a call to which I had previously committed for 2:00 pm CT tomorrow (Thursday). We can be available at 1:00 or at 3:00 CT if either of those times work for you. I apologize for any inconvenience.

Thanks
Steve

**Steven N. Williams**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000 / Dallas, Texas 75201-6605

Direct: +1.214.855.7544 / swilliams@munsch.com / munsch.com

---

**From:** Williams, Steve
**Sent:** Monday, September 18, 2023 2:59 PM
**To:** 'Smith, Mark' <marksmith@paulhastings.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>
**Subject:** RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

Hi Mark:

Yes, we can be available for a call Thursday at 2:00 pm CT.

Thanks
Steve

---

**From:** Smith, Mark <marksmith@paulhastings.com>
**Sent:** Thursday, September 14, 2023 9:14 PM
**To:** Williams, Steve <swilliams@munsch.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>
**Subject:** RE: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

**External Email: Use caution with links and attachments.**

---

Hi Steve, congrats on the move. Please let us know whether 2 pm Thursday works for a call.

Setting aside for the moment that Lone Star's request to Hand Held Products for source code was overly broad, your reference to assessing source code to look for multiscan coherent signal processing and adaptive filtering relates to a small handful of claims and does not address the issues we raised below. I'll respond more fully on the source code issue to the letter I received from Jay Evans.

Best,
Mark

Mark Thomas Smith
312-499-6068

**From:** Williams, Steve <swilliams@munsch.com>
**Sent:** Tuesday, September 12, 2023 9:46 AM
**To:** Smith, Mark <marksmith@paulhastings.com>
**Cc:** Huff, Winston <whuff@munsch.com>; Lone Star_MHKH <LoneStarMHKH@munsch.com>; Walls, Joanna <jwalls@munsch.com>; Sawyer, Doug <dougsawyer@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>; Glenn Boisbrun <gboisbrun@bh-ip.com>
**Subject:** [EXT] Re: Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

**--- External Email ---**

Mark:

We are in the process of moving our Dallas offices this week, so this week is not good for scheduling a call. We can plan a call for Tuesday or Thursday afternoon of next week.

With respect to the subject of Honeywell producing materials sufficient to show infringement of the Accused Products, as you will likely recall, we requested Hand Held Products to produce the source code related to the Accused Products. As you can certainly appreciate, the source code is necessary, among other things, for us to establish the ability of the Accused Products to engage in multiscan coherent signal processing, and also with respect to adaptive filtering. Hand Held has initially refused to produce the relevant source code. Given that you are representing Hand Held with respect to its response to Lone Star's document subpoena, we request that Hand Held reverse its position of refusing Lone Star's request to inspect source code relevant tot he Accused Products. If Hand Held is not willing to reconsider its position, we will need to take up this issue as well when we speak next week.

Thanks,
Steve

Sent from my iPad


**Steven N. Williams**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7544 / swilliams@munsch.com / munsch.com


On Sep 11, 2023, at 12:22 PM, Smith, Mark <marksmith@paulhastings.com> wrote:

**External Email: Use caution with links and attachments.**

Counsel,

We are in receipt of Lone Star's final infringement contentions served just before midnight on Friday, September 8, 2023. We request a meet and confer, specifically to address at least the following two issues:

First, Lone Star's final infringement contentions assert new claims for the first time in this lawsuit, without leave of Court. Specifically, claim 6 of the '182 patent, claims 4, 14, 16, and 18 of the '717 patent, and claim 11 of the '293 patent (the "newly-asserted claims"). Both the Scheduling Order in this case and the Western District of Texas' Standing Order Governing Patent Cases, the OGP, specifically directs that "Any amendment [to infringement contentions] to add patent claims requires leave of court so that the Court can address any scheduling issues." Dkt. 55, n 1; OGP v. 4.3 at 12 n 13. As such, Lone Star's attempt to add the newly-asserted claims in its Final Infringement Contentions without seeking leave of court violates both the scheduling order and the Court's OGP. Further, Lone Star provides no reason why it waited until the final contentions deadline to add the newly-asserted claims. Adding the newly-asserted claims at this late stage of the case is highly prejudicial and contrary to the Court's order. Please confirm that Lone Star will withdraw the newly-asserted claims.

Second, Lone Star's Final Infringement Contentions are deficient because Lone Star provides charts for only two Accused Products—the CK65 and the CK3X (except for the '717 patent, where Lone Star also includes a chart for the IF1C product). While Lone Star had more latitude at the preliminary stage of the case, not so for the final contentions. Lone Star has been in possession of technical documents sufficient to analyze each accused product for months. Lone Star has not explained how the charted products are representative of each individual uncharted product, nor has Lone Star charted each product individually. Furthermore, the footnotes Lone Star provides in the charts only add to the problem. For example, Honeywell cannot tell whether Exhibit A (the '711 patent against CK65) or Exhibit B (the '711 patent against CK3X) is supposed to be representative of, *e.g.,* IH25. Worse, Lone Star's "analysis" in its cover pleading just simply recites the claim language at a high level of generality, providing no information for Honeywell to assess past mere conclusions.

We are available on Thursday afternoon or early next week. Please let us know a few times that are convenient for your team.

Best,
Mark

Mark Thomas Smith
312-499-6068

**From:** Walls, Joanna <jwalls@munsch.com>
**Sent:** Friday, September 8, 2023 11:44 PM
**To:** Sawyer, Doug <dougsawyer@paulhastings.com>; Smith, Mark <marksmith@paulhastings.com>; Lubarsky, Boris <borislubarsky@paulhastings.com>; jta@perkinscoie.com; Copeland, Heather <heathercopeland@paulhastings.com>
**Cc:** Lone Star_MHKH <LoneStarMHKH@munsch.com>
**Subject:** [EXT] Lone Star SCM Systems v Honeywell International - Final Infringement Contentions

**--- External Email ---**

Counsel:

Lone Star's Final Infringement Contentions and exhibits are at the link below.

https://munsch.sharefile.com/d-s0ccba6590e524d708cb2d8526b35c90f

Please advise if you have any questions or need assistance.

Best regards,

Joanna Walls

**Joanna R. Walls**

Paralegal Manager

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.880.7644 / jwalls@munsch.com / munsch.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

******************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

******************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

******************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.